PHILLIP A. TALBERT
United States Attorney
JEREMY J. KELLEY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**
Mar 11, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**REDACTED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO § 2703(d) FOR ACCOUNT INFORMATION MAINTAINED BY GOFUNDME, INC. | CASE NO. 2:17-SW-0196 CKD<br><br>APPLICATION<br><br>**UNDER SEAL** |

## I.   APPLICATION

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this ex parte application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require GoFundMe, Inc., a business headquartered in Redwood City, California, to disclose certain records and other information pertaining to an account associated with a posting identified by the universal locator resource https://www.gofundme.com/help-find-sherri-papini, as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## II.   LEGAL BACKGROUND

1.   GoFundMe, Inc. is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require GoFundMe, Inc. to disclose

the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a "district court of the United States (including a magistrate judge of such a court)" in the district that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

### III. RELEVANT FACTS

4. The United States is investigating the possible kidnapping of Sherri Papini in Redding, California (CA). The investigation concerns the possible violation of, inter alia, 18 U.S.C. § 1201 (Kidnapping).

5. On November 2, 2016, Sherri Papini went missing from the vicinity of her home in Redding, CA. On or about November 4, 2016, a GoFundMe account was created requesting $50,000 to help the Papini family in their efforts to search for and locate Sherri Papini. The name of the campaign is "Help Find Sherri Papini" at https://gofundme.com/help-find-sherri-papini.

6. Initial investigation showed that the GoFundMe account was created by ▇▇▇ ▇▇▇ from Redding, CA. Soon thereafter, the GoFundMe account was put into the name of ▇▇▇ ▇▇▇ from Redding, CA, "on behalf of Suzanne Papini," from Chico, CA.

7. On November 24, 2016, Thanksgiving Day, Sherri Papini was recovered along the interstate in Yolo County, CA. Papini had been dropped off by her purported abductor early in the morning.

8. During the period of time in which Sherri Papini was missing, a ransom was offered, and

then a bounty for the return of Sherri Papini. The bounty money consisted of a sizeable donation by the Papini family.

9. Records retained by GoFundMe, Inc., are relevant and material to identifying and locating the individual(s) who created the account requesting donations on behalf of the Papini family and individual(s) who contributed money to the account. Records retained by GoFundMe, Inc., are also relevant and material to showing where money from the campaign was transferred.

### IV. GOVERNMENT REQUESTS

10. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, this information will help the United States identify and locate the individual(s) who are responsible for establishing the above described account, and determine the nature and scope of their activities. Accordingly, the United States requests that GoFundMe, Inc. be directed to produce all items described in Part II of Attachment A to the proposed Order.

11. The United States further requests that the Order require GoFundMe, Inc. not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court. See 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." Id. In this case, such an order would be appropriate for a renewable period of 180 days because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under

1 investigation could destroy that evidence, including information saved to their personal computers.

2     12.    The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 9, 2017

PHILLIP A. TALBERT
United States Attorney

By: /s/ Jeremy J. Kelley

JEREMY J. KELLEY
Assistant United States Attorney

## ATTACHMENT A

### I. The Accounts

The Order applies to certain records and information associated with an account or accounts maintained by GoFundMe, Inc., and used to create or maintain a campaign on GoFundMe.com identified by the universal resource locator https://www.gofundme.com/help-find-sherri-papini. The name of the campaign is Help Find Sherri Papini. It was created on or about November 4, 2016. The campaign was originally created by ▓▓▓▓▓▓▓▓▓▓ and located in Redding, California. It was subsequently maintained by ▓▓▓▓▓▓ and located in Chico, California. Accounts related to both ▓▓▓▓▓▓ and ▓▓▓▓▓▓ are responsive to this order.

### II. Records and Other Information to Be Disclosed

GoFundMe, Inc. is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Accounts"), for the time period November 1, 2016 to the present:

A.   The following information about the customers or subscribers of the Accounts:
   1. Names (including subscriber names, user names, and screen names);
   2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
   3. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
   4. Length of service (including start date) and types of service utilized;
   5. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
   6. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
   7. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.   All records and other information (not including the contents of communications) relating to the Accounts and above-identified campaign (Help Find Sherri Papini) including, but not limited to:
   1. All records regarding the creation of the above-identified campaign and any transfer of possession, use, or maintenance of the campaign.
   2. Records of all user activity for each connection made to or from the above-identified campaign, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;
   3. Information about each communication sent or received by the Accounts during the identified time period, including the date and time of the communication, the method

of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers);

4. The names (subscriber names, user names, or screen names), contact information, amount contributed, and method of payment for any individuals who contributed to the above-identified campaign within the timeframe identified herein; and

5. All records relating to the withdrawal, transfer, or dissipation of funds from the above-identified campaign, including any bank account and ACH or other funds verification or transmission information.